IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK, NEW JERSEY

---

DAVID P. TARINO,                                      Docket No.: 07 CV 5505(JAG)(MCA)

               Plaintiff,

    -against-

LOS ANGELES AIRPORT MARRIOTT HOTEL,

               Defendant.

---

**DEFENDANT, MARRIOTT INTERNATIONAL, INC. s/h/i/a LOS ANGELES AIRPORT MARRIOTT HOTEL'S  MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE**

Respectfully submitted,

GARBARINI & SCHER, P. C.
Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.
s/h/i/a  LOS  ANGELES  AIRPORT
MARRIOTT HOTEL
Office & P.O. Address
25 Main Street
Hackensack, NJ 07601
(201) 343-2002

WILLIAM G. SCHER, ESQ.
Of Counsel

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

      AS PLAINTIFF COULD HAVE COMMENCED
      THIS ACTION IN THE SOUTHERN DISTRICT OF CALIFORNIA
      AND BECAUSE THE CONVENIENCE OF WITNESSES
      AND THE INTERESTS OF JUSTICE SO MANDATE,
      THIS ACTION SHOULD BE TRANSFERRED . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Plaintiff Could Have Commenced This Action in the
           Southern District of California . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    The Convenience of Parties and Witnesses and the Interests
           of Justice Warrant Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

           1.    The Standards Considered in Transferring an
               Action to Another District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

               a.    The Convenience of the Parties . . . . . . . . . . . . . . . . . . . . . . . . 3

               b.    The Convenience of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . 4

               c.    Access to Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

               d.    Compulsory Attendance of Witnesses and the
                   Production of Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

               e.    California's Interest in This Action . . . . . . . . . . . . . . . . . . . . . 6

f.      The Application of the Law of California . . . . . . . . . . . . . . . . . 6

g.      Plaintiff's Choice of Forum . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2.     The Balance of These Factors Clearly Favors
       a Transfer of This Action to California . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

Page

**Cases**

A. Olnick & Sons. v. Dempster Brothers, Inc.
365 F.2d 439  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Chicago, R.I. & P.R. Co. v. Igoe, 220 F.2d 299 (7th Cir.), cert. denied
350 U.S. 822, 76 S.Ct. 49 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Commercial Solvents Corp. v. Liberty Mutual Ins. Co.
371 F.Supp. 247 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Eastern Dist. Repetitive Stress Injury Lit
850 F.Supp. 188  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Erie R.R. Co. v. Tompkins, 304 U.S. 64,
58 S.Ct. 817 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.
865 F.2d 513  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Goodman v. Schmalz
80 F.R.D. 296 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Gulf Oil Corp. v. Gilbert, 330 U.S. 501,
67 S.Ct. 893 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Hamilton v. Accu-tek
47 F.Supp.2d 330  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

Hernandez v. Graebel Van Lines
761 F.Supp. 983  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5,6,7

Kreisner v. Hilton Hotel Corp.
468 F.Supp. 176 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Leinberger v. Webster
66 F.R.D. 28  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Longo v. Wal-Mart Stores, Inc.
79 F.Supp.2d 169 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 6,

Norwood v. Kirkpatrick, 349 U.S. 29,
75 S.Ct. 544 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Ryer v. Harrisburg Kohl Brothers, Inc.
307 F.Supp. 276 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7

St. Cyr v. Greyhound Lines, Inc.
486 F.Supp. 724 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

**Rules**

Fed. R. Civ. P. 45(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Statutes**

28 U.S.C. § 1391(a)(1) & (a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

iv

## PRELIMINARY STATEMENT

Defendant, MARRIOTT INTERNATIONAL, INC. s/h/i/a LOS ANGELES AIRPORT MARRIOTT HOTEL (hereinafter "MARRIOTT"), respectfully submits this Memorandum of Law in support of its motion to transfer the venue of this action from this Court to the United States District Court for the Southern District of California.

## STATEMENT OF FACTS

The facts underlying this action are spelled out in the Affidavit of William G. Scher, which MARRIOTT submits in support of the instant motion.

## POINT I

### AS PLAINTIFF COULD HAVE COMMENCED THIS ACTION IN THE SOUTHERN DISTRICT OF CALIFORNIA AND BECAUSE THE CONVENIENCE OF WITNESSES AND THE INTERESTS OF JUSTICE SO MANDATE, THIS ACTION SHOULD BE TRANSFERRED

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court's inquiry into the propriety of transferring this action to the District of Maryland, therefore, is two-fold: determining whether plaintiff could have commenced this action in a particular district, and if so, whether such a change of venue is for the convenience of parties and witnesses and in the interests of justice. Longo v. Wal-Mart Stores, Inc., 79 F.Supp.2d 169, 171.

1

A. <u>Plaintiff Could Have Commenced This Action in the Southern District of California</u>

Analysis of the first prong of the inquiry requires an examination of 28 U.S.C. § 1391(a), which governs venue in actions such as this, where federal jurisdiction arises solely from diversity of citizenship. In such cases, unless otherwise provided by law, venue is proper either in the judicial district where the defendant resides [§ 1391(a)(1)] or where a substantial part of the events or omissions giving rise to the claim occurred [§ 1391(a)(2)].

Under either provision, it is patently obvious that plaintiff could have commenced this action in the Southern District of California. The subject MARRIOTT Hotel is located within the district and the subject incident occurred thereat.

The first element of § 1404(a) is, therefore, satisfied

B. <u>The Convenience of Parties and Witnesses and the Interests of Justice Warrant Transfer</u>

1. <u>The Standards Considered in Transferring an Action to Another District</u>

District judges are empowered with broad discretion in analyzing motions for a transfer of venue. <u>A. Olnick & Sons. v. Dempster Brothers, Inc.</u>, 365 F.2d 439; <u>Hernandez v. Graebel Van Lines</u>, 761 F.Supp. 983 (citing, <u>Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.</u>, 865 F.2d 513.

A wide spectrum of factors are relevant: (1) the convenience of the parties and the witnesses; (2) the plaintiff's choice of forum; (3) practical considerations, such as easy access to proof and the appearance of witnesses; (4) the locality's interest in adjudicating a matter of interest to the community; (5) the trial court's familiarity with the applicable substantive law; and (6) the interests of justice in relation to the totality of the circumstances. <u>Hamilton v. Accu-tek</u>, 47 F.Supp.2d 330, 339.

Other criteria also influence the decision: the relative means of the parties, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of witnesses, and the possibility of viewing the site of an incident during a trial, if appropriate. Ryer v. Harrisburg Kohl Brothers, Inc., 307 F.Supp. 276, 279. The court should also consider "calendar congestion" and whether the case is likely to move faster towards trial in one district over another. Longo, 79 F.Supp.2d at 171. Moreover, transfer of venue is favored if the defendant might intend to commence a third-party claim in the new forum against a party that is not within the reach of the transferring court's personal jurisdiction. St. Cyr v. Greyhound Lines, Inc., 486 F.Supp. 724, 727 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511, 67 S.Ct. 893 (1947)).

"Although these factors are essentially the same as those considered in determining whether an action should be dismissed for *forum non conveniens*, section 1404(a) vests courts with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the *forum non conveniens* analysis." Hernandez, 761 F.Supp. at 987 (citing Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 546 (1955)).


a.  The Convenience of the Parties

As plaintiff resides in the District of New Jersey, he undoubtedly prefers to proceed in this Court. Notwithstanding, the subject hotel is located in and has its operations in California, and the defendant naturally prefers to have its California-based citizen employees participate in discovery in such venue.

3

b. <u>The Convenience of Witnesses</u>

"The location of relevant witnesses and other evidence is a major factor to be considered in a transfer application" and is the single most important factor in the analysis. <u>Hernandez</u>, 761 F.Supp. at 988.

In the instant matter, the only witness in this district is the plaintiff himself.

All the other witnesses, including MARRIOTT'S own employees, are in California. More compelling are the presence of non-party California witnesses who are members of the Ventura County Sheriff's Department, to wit, Sheriff Officers Preciado and Valenciana, who personally eye-witnessed the subject occurrence, prepared voluminous investigative reports and placed the suspect, Jesus Barrios under arrest. These factors clearly favors a trial in California.

c. <u>Access to Proof</u>

All proof related to this incident is located in California.

The hotel itself is situated in California.. Inspection of the premises by the parties' attorneys, the experts, and even the jury in the course of a trial, would take place in California as any non-party records concerning the operation and maintenance of the premises are located thereat. Moreover, all Sheriff Department criminal court documentation are located in California; beyond the scope of this Court's subpoena power. It is important to note that the aforesaid suspect, Jesus Barrios, was prosecuted in California, and thus any documents maintained by the local California prosecutor's office are located in such venue and would not be amenable to subpoena here in New Jersey.

d. <u>Compulsory Attendance of Witnesses and the Production of Documents</u>

The documents and non-party witnesses identified by MARRIOTT in this motion are all critical for its defense. Furthermore, all are located in California , more than 100 miles from the federal courthouse in Newark. This places them beyond the distance for this Court to compel their attendance by a subpoena. <u>See</u> Fed.R.Civ.P. 45(b)(2).

Such is not the case, however, in the Southern District of California. Subpoenae issued from that court could readily compel the production and attendance of local witnesses who investigated the subject incident.

A court considering a motion for transfer of venue must give substantial consideration to whether the material witnesses are subject to the subpoena power of the forum court. <u>Hernandez</u>, 761 F.Supp. at 990; <u>Leinberger v. Webster</u>, 66 F.R.D. 28, 34. "[C]ourts generally transfer cases when important witnesses can not be compelled to testify in the forum, but could be subpoenaed in the transferee court." <u>Commercial Solvents Corp. v. Liberty Mutual Ins. Co.</u>, 371 F.Supp. 247, 250. "Certainly[,] to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." <u>Ryer</u>, 307 F.Supp. at 280 (citing <u>Gulf Oil</u>, 330 U.S. at 511, 67 S.Ct. at 844). <u>See also</u> <u>Longo</u>, 79 F.Supp.2d at 172 (live testimony preferred over testimony by depositions).

Because none of MARRIOTT'S witnesses or any of the documents essential to its defense are located within 100 miles of this Court, this factor clearly weighs substantially in favor of a transfer of venue to the Southern District of California.

e.  California's Interest in This Action

In assessing a motion to transfer, this Court must keep in mind that such "questions of liability and damages for conduct with local consequences are most appropriately put to local juries." Hamilton, 47 F.Supp.2d at 347.  "When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale, where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report."  Id. (quoting In re Eastern Dist. Repetitive Stress Injury Lit, 850 F.Supp. 188, 195).

This action goes to issues of local importance in California: whether MARRIOTT'S security of its hotel was negligent.  The issue is important to jurors in that State and has only a remote connection with New Jersey.  It should be heard by a court in California, which warrants  transfer.

f.  The Application of the Law of California

Because this action concerns allegations of MARRIOTT'S negligence in California, any court determining the matter will apply the law of the site of the accident.  Longo, 79 F.Supp.2d at 173 (citing, Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938)).  It is preferred that a case bound by the laws of California, be heard by a court in that State.  Id.  "While there may not be novel or complex issues of State law to be resolved, construction of State law is best left to courts most familiar with it."  Hernandez, 761 F.Supp. at 991 (quoting Kreisner v. Hilton Hotel Corp., 468 F.Supp. 176, 179).

This criterion weighs in favor of transferring this action to the Southern District of California.

g.  Plaintiff's Choice of Forum

Although a plaintiff's  choice of this district as his forum is normally entitled to weight in assessing the interests of justice in transferring an action to another venue, such deference is seriously

undermined if none of the events giving rise to the claims occurred in the forum selected by plaintiff. St. Cyr, 486 F.Supp. at 727 (citing Chicago, R.I. & P.R. Co. v. Igoe, 220 F.2d 299, cert. denied 350 U.S. 822, 76 S.Ct. 49 (1955); Goodman v. Schmalz, 80 F.R.D. 296). "[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same great weight and in fact is given reduced significance." Hernandez, 761 F.Supp. at 990. See also Ryer, 307 F.Supp. at 279.

All events giving rise to this action took place in California. This is essentially a California case, but is pending in this district due only to the law permitting plaintiff to designate venue based on his residence. The Court, therefore, should attribute little weight to plaintiff's choice of forum.

2.  The Balance of These Factors Clearly Favors a Transfer of This Action to California

The only tenuous connection between this action and New Jersey is that plaintiff resides in this State.

The more significant factors influencing a motion for a transfer of venue, however, all clearly weigh in favor of trying this case in the Southern District of California. The incident took place in California and all proof surrounding the same is there. MARRIOTT'S hotel is located in California. Employees and non-party witnesses, including local law enforcement personnel who personally eye-witnessed the incident are all residents of California, and are not subject to the subpoena power of this Court. Moreover, wherever this case goes forward, the court will apply the law of California. The issues underlying the claims of negligence are of limited concern in New Jersey, but go to the local interest in California of security safety.

The district in which the accident occurred is the fitting forum for this action.

## CONCLUSION

For the foregoing reasons, defendant, MARRIOTT INTERNATIONAL, INC. s/h/i/a LOS

ANGELES AIRPORT MARRIOTT HOTEL, respectfully requests that this Court transfer this action

to the District of Southern California for all further proceedings.


Dated: Hackensack, NJ
      December 5, 2007


                        Respectfully submitted,

                        GARBARINI & SCHER, P.C.


By:       /s/
                        WILLIAM G. SCHER (WS 2891)
                        Attorney for Defendant
                        25 Main Street
                        Hackensack, NJ 07601
                        (201)343-2002


TO:

DAVID P. TARINO
Plaintiff *Pro Se*
366 Sutton Avenue
Hackensack, NJ 07601