WILLIAM G. SCHER *‡◊◊
GREGG D. WEINSTOCK *‡◊
KURT L. WEINMANN*
MARY ANN CANDELARIO *◊
JOHN M. PIRO*
PAMELA D. FIELD*

WILLIAM D. BUCKELY*◊
APPELLATE COUNSEL

ALSO ADMITTED IN
* NEW YORK
◊ CONNECTICUT
‡ WASHINGTON, D.C.
◊ NORTH DAKOTA
+ MICHIGAN

# GARBARINI & SCHER, P.C.

ATTORNEYS AT LAW

COURT PLAZA NORTH

25 MAIN STREET, 6TH FLOOR

HACKENSACK, NJ 07601-7025

TEL: (201) 343 2002

FAX: (201) 342-0612

January 3, 2008

NEW YORK, NY

MINEOLA, NY

WHITE PLAINS, NY

GREENWICH, CT

***VIA ECF & 1ST CLASS MAIL***
Honorable Joseph A. Greenaway, Jr.
U.S. District Court
District of New Jersey
U.S. Post Office & Courthouse
Federal Square & Walnut Street
P.O. Box 999
Newark, NJ 07101-0999

  RE: David P. Tarino v. Los Angeles Airport Marriott Hotel
     Docket No.: 07 CV 5505 (JAG)(MCA)

Honorable Sir:

  We are today in receipt of a letter dated December 28, 2007 from plaintiff, David P. Tarino, to Your Honor apparently sent in response to our motion seeking to change venue of this action from this court to the United States District Court for the Southern District of California.

  We assume that such letter constitutes plaintiff's opposition to defendant's aforesaid motion, in lieu of more formal papers, and will take this opportunity to reply accordingly. We will forego responding to Mr. Tarino's *ad hominem* accusations asserted against Marriott as utterly irrelevant to the motion in question.

  Mr. Tarino concedes that, in fact, "the vast majority [of his witnesses] will be from all over the United States" rather than from New Jersey, and although he has not yet completed his witness list "my expert witnesses will be from the NY/NJ metro area."

Page Two
January 3, 2008

      Plaintiff does not attempt to refute that multiple law enforcement officers - all of whom are citizens and residents of California - were witnesses to the subject incident, that critical documents are located in California and are beyond the subpoena power of the Court, nor, in fact, does he take issue with any other facet of defendant's motion to transfer venue.

      In sum, Mr. Tarino bases his opposition to defendant's motion upon the fact that he himself and certain unnamed - and presumably un-retained - experts in the "NY/NJ metro area" may be inconvenienced upon transfer of this action to California. Such opposition is simply insufficient to defeat defendant's motion, and it is respectfully requested that such motion be granted in its entirety.

Respectfully submitted,

William G. Scher (WS 2891)

WGS:cas
cc:   DAVID P. TARINO
      Plaintiff *Pro Se*
      366 Sutton Avenue
      Hackensack, NJ 07601