**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 2060**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

April 17, 2008

David P. Tarino, Plaintiff pro se
366 Sutton Avenue
Hackensack, New Jersey 07601

William G. Scher, Esq.
Garbarini & Scher, P.C.
Court Plaza North
25 Main Street, 6th Floor
Hackensack, New Jersey 07601-7025

### LETTER ORDER

    Re:    **David Tarino v. Los Angeles Airport Marriott Hotel**
             **Civil Action No.: 07-5505 (JAG)**

Dear Mr. Tarino and Counsel:

    This matter comes before the Court upon the Motion of Defendant, Marriott International, Inc. s/h/i/a Los Angeles Airport Marriott Hotel ("Marriott"), to transfer venue of this matter to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1404(a). Plaintiff pro se, David P. Tarino ("Plaintiff") opposes the Motion. No oral argument was heard. Fed. R. Civ. P. 78. Having considered the parties' submissions, for good cause shown, and for the reasons set forth below, Marriott's Motion is hereby **GRANTED**.

**I.    BACKGROUND**

    On October 5, 2007, Plaintiff filed the instant civil action in the Superior Court of New Jersey, Bergen County against Marriott, arising from injuries he allegedly sustained while a guest at Marriott's hotel facility in Los Angeles, California. Specifically, Plaintiff alleges that, while he was checking into the hotel, he was assaulted by an individual brandishing an automatic 9 mm weapon. (See generally Complaint). On November 15, 2007, Marriott removed the action to this Court based on diversity, pursuant to 28 U.S.C. § 1441.

    This motion to transfer venue followed. In support of its motion to transfer, Marriott does not dispute that venue in this District is proper. Rather, Marriott contends that this action could have

been brought in the United States District Court for the Southern District of California because all of the events giving rise to Plaintiff's complaint arose in California. It further contends that transfer is appropriate for the convenience of the parties and witnesses as well as California's interest in adjudicating this localized dispute governed by California law.

Plaintiff opposes this motion, arguing that this Court is the proper forum because he is a resident of New Jersey. Plaintiff does not contend, however, that the action could not have been brought in California. Rather, he urges this Court to deny Marriott's transfer motion because Plaintiff fears returning to Southern California, where his alleged assailant resides and belongs to a Los Angeles street gang.

Plaintiff points out that most of his fact witnesses are located throughout the United States, including those present at the corporate offices of Marriott in Washington, D.C., and that his expert witnesses will be from the New York/New Jersey metro area. Finally, Plaintiff contends that he intends to prove that Marriott does not safely operate its hotels nationwide and, thus, the relevant events are not limited to the borders of California.

## II.   ANALYSIS

Section 1404(a) permits a district court to transfer a case to any other district where venue is proper "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a). The purpose of Section 1404(a) is twofold: to avoid wasting "time, energy, and money: and to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." Continental Grain Co. V. Barge FBL-585, 364 U.S. 19-26-27 (1960). A decision to transfer venue is based on "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins., 55 F.3d 873, 879 (3d Cir. 1995). The party seeking transfer bears the burden of establishing that transfer is necessary. Id. The moving party must "show the proposed alternative forum is not only adequate, but also more appropriate than the present forum." Hoffer v. InfoSpace.com, Inc., 102 F. Supp.2d 556, 572 (D.N.J. 2000).

The Third Circuit Court of Appeals has identified two broad categories of factors to consider when deciding whether to transfer an action. Jumara v. State Farm Ins., 55 F.3d 873, 879-80 (3d Cir. 1995). The first category includes considerations relevant to the private interests of the litigants. Id. at 879. Important private interests are: (1) "plaintiff's forum preference;" (2) "defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extend that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (internal citations omitted).

The second broad category includes the public's interests in a fair and efficient administration of justice. Jumara, 55 F.3d at 879-80. Considerations here include: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" and (6)

"the familiarity of the trial judge with the applicable state law in diversity cases." Id. (internal citations omitted).

Neither list of factors is exhaustive; rather, the analysis under Section 1404(a) is flexible and individualized, based on the unique facts of each case. Lawrence v. Xerox Corp., 56 F. Supp.2d 442, 449 (D.N.J. 1999). Here, Defendant Marriott bears the burden of persuasion to show that "the proposed alternative forum is not only adequate, but also more convenient than the present forum." Id. at 451.

As a threshold matter, Plaintiff's action could have been commenced in the Southern District of California. The parties do not dispute that the amount in controversy exceeds the $75,000 requirement for diversity jurisdiction. Marriott is a Delaware corporation with its principal place of business in Georgia. (Def. Notice of Removal, ¶ 3b). Since Plaintiff is a resident of New Jersey, diversity jurisdiction exists in the Southern District of California pursuant to 28 U.S.C. § 1332. (See generally Compl.). Moreover, venue is proper in the Southern District of California because the relevant facts giving rise to Plaintiff's action took place in Los Angeles, California. Specifically, Plaintiff alleges that he was assaulted by another patron on the premises of Marriott's hotel in Los Angeles. Accordingly, the Southern District of California is a proper alternative forum.

    A.    <u>Private Factors</u>

        1.    <u>Plaintiff's Choice of Forum And Where The Claim Arose</u>

As a general principle, a plaintiff's choice of forum is given great weight in an analysis under Section 1404(a). See Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989). "In a motion to transfer venue [under Section 1404(a)], however, Plaintiff's choice of forum is not accorded the decisive weight it enjoys under *forum non conveniens*." National Property Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 327 (D.N.J. 1995). Additionally, when the plaintiff chooses a foreign forum rather than its home forum or "when the central facts of a lawsuit occur outside the chosen forum, plaintiff's choice of forum is accorded less weight." NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp.2d 317, 321 (D.N.J. 1998). "As a general rule, the preferred forum is that which is the center of gravity of the accused activity." Id.; see Van Cauwenberghe v. Biard, 486 U.S. 517 (1988) (noting that a court determines the origin of a claim by looking to the "locus of the alleged culpable conduct.").

Here, although New Jersey is Plaintiff's home forum, this Court does not accord great weight to Plaintiff's choice of New Jersey as the proper forum for this action. Indeed, New Jersey has no relationship to the facts underlying the alleged assault of which Plaintiff was a victim. Rather, the operative events giving rise to Plaintiff's claims occurred in Los Angeles, California. Thus, this Court must give limited deference to Plaintiff's choice of forum.

        2.    <u>Convenience of The Parties And Witnesses</u>

Plaintiff contends that it would be inconvenient and emotionally difficult for him to travel to California. Likewise, it would be inconvenient for his fact and anticipated expert witnesses to travel to California because they are located throughout the United States, including the New

York/New Jersey metro area. However, Marriott points out that key witnesses are in California. Specifically, a Marriott employee witnessed the alleged assault, and Ventura County Sheriff's Officers witnessed the amount of alcohol consumed by the alleged assailant at the Marriott hotel prior to the assault. (See William Scher Aff. ¶¶ 4-6). The convenience of witnesses should be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879. Here, Plaintiff offers no facts or affidavits establishing that any of his witnesses would be totally unavailable to testify in California as opposed to merely being inconvenienced by the distance. In contrast, the Court notes that Marriott's key witnesses who reside in California, but may refuse to testify, would not be subject to the subpoena power of this Court. See Fed.R.Civ.P. 45(b)(2). Accordingly, the location of Marriott employees and third-party witnesses weigh in favor of transferring this action to the district where the operative facts arose.

### 3. The Location of Books and Records

Furthermore, the location of the relevant documents and records weigh in favor of transferring venue to California as Marriott has demonstrated that the transportation of documents to New Jersey would be unduly burdensome. Marriott suggests that any documentary evidence, such as the arrest report and criminal complaint of Plaintiff's assailant, located in California would not be subject to the subpoena power of this Court under Fed. R. Civ. P. 45(b)(2). Indeed, such documents presumably are in the possession and custody of the local police department in Los Angeles who responded to the alleged assault. As such, Marriott would be compelled to subpoena the documents through the authority of the District Court in the Southern District of California and then transport such documents to New Jersey. Given this unduly burdensome process, this factor weighs in favor of transfer to California. Taken as a whole, the private interest factors warrant the need for a transfer based on the convenience of key witnesses, the location of documents, and to serve the interests of justice.

### B. Public Factors

The applicable public factors also weigh in favor of transferring the action to the Southern District of California.

### 1. Local Interest In Deciding Local Controversies At Home

Likewise, a California court would have a strong local interest in adjudicating a dispute where the allegedly culpable conduct occurred in California. See Hoffer, 102 F.Supp 2d at 576. Indeed, as mentioned above, the salient facts arose from the actions (or inactions) of Marriott and its employees in its Los Angeles hotel. Whether Marriott was negligent in causing the alleged assault is a local dispute.

### 2. Familiarity Of The Trial Judge With The Applicable State Law In A Diversity Case

Plaintiff brings common law tort claims. Justice requires that, whenever possible, a

diversity case should be decided by the court most familiar with the applicable state law." NCR Credit, 17 F. Supp. 2d at 323; see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle the problems in conflicts of laws, and in law foreign to itself."). A California trial judge would have greater experience with specific concerns that are likely to be contentious in this action. As California law governs whether Marriott is liable for any of Plaintiff's injuries sustained as a result of the assault which occurred on the hotel premises, a California court will likely be required to interpret California state tort law. In that vein, presumably, a district judge in the Southern District of California has more familiarity with California law than this Court. The Supreme Court has noted the "appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." Gulf Oil Corp., 330 U.S. at 509. As a result, the public factor regarding familiarity with state law weighs in favor of a transfer.

### 3. The Public Policies of the Fora

The public policy interests in protecting citizens from assaults committed on the private premises of a corporate entity in California weigh in favor of transferring venue to that state. Indeed, California has a vested interest in ensuring the safety of both its citizens and foreign ones who are invitees of a hotel located within California's borders.

## III. DECISION

Balancing the various private and public interests pursuant to Section 1404(a), this Court finds that Defendant Marriott has met its burden of persuasion to show that the alternative forum is not only adequate but would better serve the applicable interests. The Court's decision to transfer rests on the clear fact that California is the focal point of this litigation. Accordingly, Defendant's Motion to Transfer this action to the Southern District of California is **GRANTED**.

**SO ORDERED**.

*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

cc:   Hon. Joseph A. Greenaway, Jr., U.S.D.J.
      Clerk
      File